UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JANIS SHUMWAY, | ) |
| Plaintiff, | ) |
| v. | ) 21 C 2071 |
| BROMPTON HOTEL INVESTMENTS, LLC, d/b/a Majestic Hotel, | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff Janis Shumway's Motion for Default Judgment. For the following reasons, the Court grants the Motion in part.

## STATEMENT

Shumway brings this action against Brompton Hotel Investments ("Brompton") under the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. ("ADA"). Shumway, who requires use of a wheelchair, alleges Brompton's website for the Majestic Hotel and third-party websites used for booking rooms at the Majestic Hotel, such as expedia.com and booking.com, are not in compliance with ADA Regulations.[1] Specifically, Shumway says Brompton is not in compliance with 28 C.F.R. Section 36.302(e)(1), which states:

---

[1] Shumway is a self-described "tester" of ADA compliance and has several cases in this District alleging similar claims against different defendants. *See, e.g.*, *Shumway v. Radhe Enterprises, Inc.*, No. 21 C 2561 (Coleman, J.); *Shumway v. B&L Holdings, Inc.*, No. 21 C 2560 (Pacold, J.).

>(e)(1) Reservations made by places of lodging. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party—
>
>>(i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;
>>
>>(ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;
>>
>>(iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;
>>
>>(iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and
>>
>>(v) Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

Shumway seeks to enjoin future disability discrimination by Brompton and require Brompton's website to be in compliance with ADA Regulations.

The record shows Brompton was served through its registered agent on April 19, 2021, and its answer was due on May 10, 2021. Dkt. # 4. Brompton failed to file an

appearance or respond to the Complaint by that date. The Clerk entered default on June 4, 2021. Because it appears the Majestic Hotel website and the third-party booking websites are not in compliance with ADA Regulations, the Court grants Shumway's Motion. *See Shumway v. Devashree Investment, Inc.*, 2021 WL 463228 (N.D. Ohio 2021) (granting Shumway's motion for default judgment against hotel owner for similar violations of the ADA).

Shumway also seeks attorneys' fees and costs. The ADA allows the Court, in its discretion, to award the prevailing party its reasonable attorneys' fees, including litigation expenses and costs. 42 U.S.C. § 12205. For her attorneys' fees, Shumway seeks to recover $212.50 for one-half hour billed at $425 per hour and $2,520 for 6.3 hours billed at $400 per hour. The Court finds this reasonable and awards $2,732.50 in attorneys' fees.

Shumway next seeks $400 for the filing fee, $120 for the process server, and $650 for a purported expert. The Court finds the filing fee and process server fee are reasonable. Therefore, Shumway may recover $520 for those fees.

The Court, however, takes issue with the purported expert for two reasons. First, Shumway does not identify the expert or their qualifications as an expert. The invoice submitted merely identifies this expert's company as "Company Name" with no other information. Based on this information, the Court cannot conclude that the requested fees were reasonable.

Second, the Court questions why an expert was necessary in this case. Based on the Complaint, the issues appear straightforward, and Shumway is apparently quite knowledgeable about the ADA. Shumway did not include the expert's report as an exhibit to her Complaint or offer the expert's opinion in support of this Motion. Perhaps an expert would have been necessary if the issues were contested and the case advanced to summary judgment or trial, but the Court cannot conclude that an expert was necessary based on the record before it. The Court therefore denies awarding the expert fees.

## **CONCLUSION**

For the reasons stated above, the Court grants Shumway's Motion for Default Judgment (Dkt. # 8) in part. Shumway is awarded $3,252.50 in reasonable attorneys' fees and costs. Shumway's request for $650 in expert fees is denied. Civil case terminated. It is so ordered.

Dated: 10/29/2021

_Charles P. Kocoras_
Charles P. Kocoras
United States District Judge